UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.

**TROY CLEVELAND, II,**

        **Defendant.**

Case No. 2:18-cr-260
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

The matter before the Court is Defendant Tory Cleveland, II's ("Defendant") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 40). The Government does not oppose the motion (ECF No. 41). For the following reasons, the Motion for Compassionate Release (ECF No. 40) is **GRANTED**.

**I.**

On March 14, 2019, Defendant plead guilty to one count of possession of a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g) and 924(a)(1). (*See* ECF Nos. 21, 23.) On December 19, 2019 the Court sentenced Defendant to 60 days of imprisonment and 3 years of supervised release. (*See* ECF Nos. 35–36.) As a special condition of supervision, the Court ordered Defendant to serve 4 months at the Alvis House and 4 months of home confinement. (*See id.*) Defendant began his 4-month term at the Alvis House on June 1, 2020 and has not had any issues of misconduct during this time. (Mot. Compassionate Release at 2, ECF No. 40; Govt's Resp. at 2, ECF No. 41.) Based on the outbreak of the Coronavirus Disease ("COVID-19") and Defendant's health, Defendant now moves for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*Id.* at 1–2.)

## II.

Since 1984, when Congress passed the Sentencing Reform Act, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under limited circumstances. *See* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, district courts could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

## III.

Defendant asserts that COVID-19 and the fact that he has had his spleen removed constitutes extraordinary and compelling circumstances justifying his compassionate release from the Alvis House. (Mot. Compassionate Release at 1–2.) Defendant asks the Court to allow him to serve the remainder of his Alvis House sentence in home confinement to protect his health. (*See id.*) The Government agrees.

The Court find that the risk posed to Defendant's health by COVID-19 constitutes an extraordinary and compelling reason justifying compassionate release in accordance with § 3582(c)(1)(A). Defendant's medical history presents significant risk factors for severe illness were he to contract COVID-19. *See United States v. Brown*, No. 4:05-Cr-227-1, 2020 U.S. Dist. LEXIS 87133, at *9 (S.D. Iowa Apr. 29, 2020) (citing cases granting compassionate release because of the risk factors linked to COVID-19).

Additionally, the Court finds the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of a compassionate release at this time. Defendant has completed much of his time required at the Alvis House without incident and will be confined to his home as substitute for the remainder of the time.

### IV.

For the above reasons, Defendant's Motion (ECF No. 40) is **GRANTED**. Defendant shall serve the remainder of the time he was ordered to the Alvis House in home confinement.

**IT IS SO ORDERED.**

**8/27/2020**                                             **s/Edmund A. Sargus, Jr.**
**DATE**                                                       **EDMUND A. SARGUS, JR.**
                                                                      **UNITED STATES DISTRICT JUDGE**